Opinion of the Court, by
Ch. J. Boyle.
THIS was a bill in chancery, filed by the appellant against the appellees, to have dower assigned her in a lot of ground adjoining Lexington.
Although the allegations of the complainant, and those of the defendants, are, in many respects, irreconcileable with each other, yet there is very little room for controversy about the facts of the case, so far as they are material to the rights of the parties.
It appears that David Herron, the husband of the complainant, in his lifetime, made a verbal contract with James M’Connel, for the purchase of the lot in question, paid the price, took possession, and built a house on it; that Herron afterwards sold the lot to William Williams, who sold it to William Williamson, to whom M’Connel made a conveyance, in pursuance of an order from Herron, directing him to do so, and Williamson has since sold and conveyed parts of the lot to the other defendants.
The circuit court dismissed the bill, and the complainant has appealed to this court.
The decree of the circuit court is clearly correct. According to the principles of the common law, the wife was entitled to dower in those lands only, of which the husband had the legal title. It is true, that the rule of the common law has, in this respect, been modified by the act regulating conveyances in this country; for the 14th section of that act gives the wife dower in *251 those lands whereof the husband has such an inheritance in the use or trust, as that if it had been a legal right, she would thereof have been entitled to dower. Whether, where the husband has a bond or other written contract for the conveyance of land, he would be possessed of such an use or trust, as would entitle the wife to dower under the act referred to, is a question of some difficulty, and which has never been settled in this country; nor do we conceive that it is necessary now to be decided; for, be that as it may, it is obvious that the husband of the complainant could not have had such an use or trust in the lot in controversy. His contract for the lot, having been merely verbal, could have given him no right, which, under the statute against frauds and perjuries, could have been enforced, either in a court of law or equity; and it would be absurd, to suppose that the legislature contemplated giving the wife a right of dower in land to which the husband never had a right which could be enforced.
A verbal promise of conveyance, made to the husband, will not entitle the wife to dower.
Decree affirmed with costs.